Donald L. Ridge, SBN 132171
Email: *dridge@mpplaw.com*
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, Twenty-Fourth Floor
Los Angeles, CA 90017
Tel: (213) 891-9100
Fax: (213) 488-1178

George I. Lee (*pro hac vice*)
Email: *lee@mbhb.com*
**MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP**
300 South Wacker Drive
Chicago, IL 60606
Tel: (312) 913-0001
Fax: (312) 913-0002

***Attorneys for Case No. 14-CV-48 Defendant Sonos, Inc.***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| BLACK HILLS MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SONOS, INC.,<br><br>Defendant. | Case No. 14-CV-00486 SJO (PJWx)<br><br>**Hon. S. James Otero**<br>**Magistrate Judge Patrick J. Walsh**<br><br>**DEFENDANT'S SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS**<br><br>Hearing Date: Wednesday, July 9, 2014<br>Hearing Time: 10:30 a.m.<br>Location: Courtroom No. 23<br><br>Pre-Trial Conf: March 2, 2015<br>Trial Date: April 14, 2015<br>Discovery Cut-off Date: August 4, 2014<br><br>Action Filed: January 21, 2014 |

Pursuant to Local Rule 37-2, Defendant Sonos, Inc. ("Sonos") submits this Supplemental Memorandum to the Joint Stipulation Regarding Defendant's Motion to Compel Production of Withheld Documents ("Joint Stip.") to address arguments raised for the first time by BHM in its portion of the Joint Stip.

In particular, BHM articulated for the first time a specific basis for its assertion of privilege: that (1) Tribal Technologies ("Tribal") allegedly initially possessed the privilege and (2) Concert Technologies ("Concert"), and ultimately BHM, allegedly obtained the privilege by purchasing Tribal patents. *See, e.g.,* Joint Stip., pp. 26-28. BHM's position, however, is not supported by the law.

As an initial matter, BHM failed to address the controlling case law pointed to by Sonos that holds that a mere transfer of company assets—such as a patent portfolio—cannot transfer privilege. *See Telectronics Proprietary, Ltd. V. Medtronic, Inc.,* 836 F.2d 1332, 1336-37 (Fed. Cir. 1988); *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343 343 (1985). Under *Telectronics*, there can be no transfer of privilege here, where Concert merely acquired Tribal's patent portfolio. *Telectronics,* 836 F.2d, at 1336 ("the assignment of a patent does not transfer an attorney-client relationship"). To transfer an entity's privilege, control of that entity must be transferred. *See, e.g.*, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985); *City of Rialto v. Dep 't of Def*., 492 F. Supp. 2d 1193, 1201 (C.D. Cal. 2007).

Here, Concert did not acquire control of the Tribal entity, and therefore Concert did not acquire Tribal's privilege. Indeed, it is inarguable that no control over the Tribal entity was transferred to Concert for at least the reason that Concert and Tribal were engaged in ongoing arms-length negotiations from 2007 to 2013. *See, generally,* Joint Stip. Declaration of George I. Lee, Exh. K, pp. K-78 to K-88. Here, Concert merely purchased Tribal patent assets, and Tribal and Concert were thereafter operated as separate entities. *See* Joint Stip. III(A)(1)(a)(i)(b). BHM ultimately does not contest these facts, but instead relies

on a novel attorney argument that "'control' in the context of Tribal meant the ability and authority to make decisions regarding [] exploitation and enforcement" of the Tribal patent portfolio. Joint Stip., p. 28. This argument, however, has no basis in the law.

BHM relies solely on *SimpleAir*—a non-controlling case out of the Eastern District of Texas to support its novel theory regarding the asserted transfer of control to Concert. *See* Joint Stip., p. 28 (BHM citing *SimpleAir, Inc. v. Microsoft Corp.*, 2013 WL 4574594, *2 (E.D. Tex. Aug. 27, 2013)). However, *SimpleAir* is distinguished from the facts at issue here, and does not support BHM's argument that Tribal's control, and privilege, was transferred to Concert.

In *SimpleAir*, the Court began its analysis by noting "[c]learly, a 'mere transfer of some assets' does not also transfer the privilege." *SimpleAir,* at *2. The Court therefore endeavored to determine "whether such facts [at issue in the *SimpleAir* case] constitute 'a mere transfer of some assets,' or something more." *Id*. The Court noted that "[i]f the practical consequences of the transaction result in ***the transfer of control of the business*** and the continuation of the business under new management, the authority to assert or waive the attorney-client privilege will follow as well." *Id.* (*citing* Soverain *Software LLC v. Gap, Inc.*, et al., 340 F.Supp.2d 760 (E.D.Tex.2004) (emphasis added)). The *SimpleAir* Court ultimately determined that "something more" than a mere transfer of patent assets was present, and that therefore under the particular facts of that case control and privilege had been transferred. *SimpleAir*, at *3.

In particular, the Court in *SimpleAir* found something "more" than a transfer of patent assets because "there [was] a significant degree of ***continuity in the areas of corporate knowledge, management, and experience between AirMedia and SimpleAir***." *Id*. (emphasis added). Further, two named inventors of the acquired patent assets—who had also been employees of the selling AirMedia entity—formed the purchasing SimpleAir entity. Therefore, the

inventor's "interest in preserving their privilege claims on behalf of SimpleAir [was] unchanged from their former interest in such privilege as representatives of AirMedia." *Id*. The Court found, based on these ***additional facts***, that there was "more than 'a mere transfer of some assets." *Id*.

Here, however, no such additional facts exist. Here, there was no "continuity in the areas of corporate knowledge, management, and experience between" Tribal and Concert. Further, here there was no commonality of employees between Tribal and Concert, and no inventor of the acquired patents was ever a Concert employee. To the contrary, Tribal and Concert were at all times operated as separate entities. *See* Joint Stip. III(A)(1)(a)(i)(b). Thus, the facts here are clearly distinguishable from those in *SimpleAir*, and even the Court's analysis in *SimpleAir* does not support BHM's contention that privilege was transferred from Tribal to Concert.

BHM's assertion of privilege is therefore not supported by the law. For the reasons set forth in the Joint Stipulation and above, there ***cannot*** be a proper privilege claim to the material withheld here. Sonos therefore respectfully requests that its motion be granted.

Respectfully submitted,

Dated: June 30, 2014

By: */George I. Lee/*
George I. Lee (*pro hac vice)*

**MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP**

***Attorneys for Defendant Sonos, Inc.***